# COPY

1  ZACHARY M. CROSNER, ESQ. (SBN 272295)
   zach@crosnerlegal.com
2  JAMIE K. SERB, ESQ. (SBN 289601)
   jamie@crosnerlegal.com
3  BRANDON BROUILLETTE, ESQ. (SBN 273156)
   bbrouillette@crosnerlegal.com
4  **CROSNER LEGAL, PC**
5  9440 Santa Monica Blvd. Suite 301
   Beverly Hills, CA 90210
6  Tel: (866) 276-7637
   Fax: (310) 510-6429
7
8  Attorneys for Plaintiff CHRISTOPHER WILLIAMS
   As an individual and on behalf of all others
9  similarly situated

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

**AUG 21 2023**

10
11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12              **COUNTY OF SAN BERNARDINO**
13  CHRISTOPHER   WILLIAMS,   as   an   | Case No.: **CIV SB 2320221**
    individual and on behalf of all others
14  similarly situated,                 | **CLASS ACTION COMPLAINT FOR:**
15          Plaintiff,                  | 1.  Recovery of Unpaid Minimum Wages
                                        |     and Liquidated Damages
16                                      | 2.  Recovery of Unpaid Overtime Wages
17  v.                                  | 3.  Failure to Provide Meal Periods or
18  BLUETRITON BRANDS, INC., a          |     Compensation in Lieu Thereof
    Delaware Corporation; and DOES 1-100, | 4.  Failure to Provide Rest Periods or
19  inclusive,                          |     Compensation in Lieu Thereof
20          Defendants.                 | 5.  Failure to Furnish Accurate Itemized
                                        |     Wage Statements
21                                      | 6.  Failure to Reimburse Business Expenses
22                                      |     *and*
23                                      | 7.  Unfair Competition
24                                      | **DEMAND FOR JURY TRIAL**
25
26
27
28

1.

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    Plaintiff, CHRISTOPHER WILLIAMS, ("PLAINTIFF"), an individual on behalf of
2  PLAINTIFF, and all other similarly situated Class Members (as defined below), hereby files this
3  Complaint against Defendants BLUETRITON BRANDS, INC., a Delaware Corporation; and
4  DOES 1-100, inclusive, (collectively referred to herein as "DEFENDANTS"). PLAINTIFF is
5  informed and believes and thereon alleges as follows:

6                              **JURISDICTION AND VENUE**

7         1.     This court possesses original subject matter jurisdiction over this matter. Venue is
8  proper in the County of San Bernardino pursuant to California Code of Civil Procedure section
9  395.5 because DEFENDANTS transact business within this judicial district, DEFENDANTS
10 employed PLAINTIFF to work in this judicial district and some of the acts, omissions, and conduct
11 alleged by PLAINTIFF herein occurred in this this judicial district.

12                                  **THE PARTIES**

13        2.     PLAINTIFF is, and at all relevant times, was an individual domiciled in the State of
14 California and a citizen of the State of California.

15        3.     PLAINTIFF is a current employee of DEFENDANTS. PLAINTIFF worked for
16 DEFENDANTS as a non-exempt employee with a job title of forklift operator and/or a similar
17 title(s) and/or position(s) from in or around early 2022 and continuing through in or around the
18 present. PLAINTIFF worked for DEFENDANTS at DEFENDANTS' Ontario, California
19 location(s). PLAINTIFF regularly worked at least twelve (12) hours per day, at least five (5) days
20 per week.

21        4.     Defendant BLUETRITON BRANDS, INC. is a Delaware Corporation that, at all
22 relevant times, was authorized to do business within the State of California and is doing business in
23 the State of California.

24        5.     DEFENDANTS own, operate, manage and/or staff its employees to work at the
25 offices, warehouses, and/or facilities and/or other location(s) in California, including but not limited
26 to the offices, warehouses, and/or facilities in Ontario, California. DEFENDANTS, through its
27 various offices, warehouses, and/or facilities and/or other locations serve the manufacturing,

28

distribution, and/or consumer products industry.[1]

6. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

7. PLAINTIFF is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. PLAINTIFF is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## JOINT LIABILITY

8. Under California law, the definition of the terms "to employ" are broadly construed under the applicable IWC Wage Order(s) to have three alternative definitions, including: (1) to exercise control over the wages, hours or working conditions; (2) to suffer of permit to work; or (3) to engage, thereby creating a common law employment relationship. See, *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010). One reason that the IWC defined "employer" in terms of exercising control was to reach situations in which multiple entities control different aspects of the employment relationship. Supervision of the work, in the specific sense of exercising control over how services are properly performed, is properly viewed as one of the "working conditions" mentioned in the wage order. *Id.* at 76. A joint employer relationship exists, for example, when one entity (such as a

---

[1] *See* https://www.bluetriton.com/about. Last visited on August 17, 2023

1 temporary employment agency) hires and pays a worker, and the other entity supervises the work. *Id.* Moreover, the California Court of Appeal recently broadened the test for joint employment in California, applying a less stringent standard to what constitutes sufficient control by a business over its vendor's employees' wages and working conditions to render that business liable as a joint employer. See, *Medina v. Equilon Enterprises, LLC*, 68 Cal. App. 5th 868 (2021); "[i]f the putative joint employer instead exercises enough control over the intermediary entity to *indirectly* dictate the wages, hours, or working conditions of the employee, that is a sufficient showing of joint employment," *Id.* at 875 [emphasis added].

9. During PLAINTIFF's employment by DEFENDANTS, PLAINTIFF and the Class Members (defined below) were jointly employed by DEFENDANTS for purposes of the Wage Orders, under the alternative definitions of "to employ" adopted by the California Supreme Court in *Martinez*, supra. As discussed below, these DEFENDANTS (1) exercised control over wages, hours and working conditions of PLAINTIFF and the Class Members; (2) suffered or permitted PLAINTIFF and Class Members to work for them; and (3) engaged PLAINTIFF and Class Members to work for them.

10. PLAINTIFF is informed and believes, and thereon alleges that at all relevant times DEFENDANTS operated as a single integrated enterprise with common ownership and centralized human resources. As a result, DEFENDANTS utilized the same unlawful policies and practices across all of their locations/facilities and subjected all of the Class Members to these same policies and practices regardless of the location(s) where they worked. Among other things, PLAINTIFF is informed and believes that: (1) there is common ownership in, and financial control, in DEFENDANTS' companies, (2) DEFENDANTS utilize common management, who have control over the day-to-day operations and employment matters, including the power to hire and fire, set schedules, issue employee policies, and determine rates of compensation across its locations in California; (3) DEFENDANTS utilize the same policies and procedures for all California employees, including issuing the same employee handbooks and other form agreements; (4) DEFENDANTS use at least some of the same Human Resources personnel and attorneys to oversee employment matters; and, (6) DEFENDANTS share employees.

11.     PLAINTIFF is informed and believes, and thereon alleges that at all times relevant to this Complaint, DEFENDANTS were the joint employers of PLAINTIFF and the Class Members upon whose behalf PLAINTIFF brings these allegations and causes of action, in that DEFENDANTS, exercised sufficient control over PLAINTIFF and the Class Members' wages, hours and working conditions, and/or suffered or permitted PLAINTIFF and the Class Members to work so as to be considered the joint employers of PLAINTIFF and the Class Members.

12.     Upon information and belief, PLAINTIFF alleges that DEFENDANTS created a uniform set of policies, practices and/or procedures concerning, inter alia, hourly and overtime pay, time-keeping practices, meal and rest periods, reimbursement of business expenses and other working conditions that were distributed to, and/or applied to PLAINTIFF and the Class Members, and further that DEFENDANTS uniformly compensated and controlled the wages of PLAINTIFF and the Class Members in a uniform manner. DEFENDANTS collectively represented to PLAINTIFF and the Class Members that each was an "at-will" employee of DEFENDANTS, and that DEFENDANTS collectively retained the right to terminate PLAINTIFF's and Class Members' employment with or without cause. Upon information and belief, DEFENDANTS further collectively represented to PLAINTIFF and Class Members in writing the details of their compensation, and the manner in which they were to take meal and rest periods, the procedures required by DEFENDANTS collectively for recordation of hours worked and the policies applicable to PLAINTIFF and Class Members by which DEFENDANTS collectively would evaluate the wage rates of PLAINTIFF and Class Members.

13.     Thus, DEFENDANTS collectively exercised the right to control the wages, hours and working conditions of PLAINTIFF and Class Members. As such, DEFENDANTS collectively held the right to control virtually every aspect of PLAINTIFF's and the Class Members' employment, including the instrumentality that resulted in the illegal conduct for which PLAINTIFF seeks relief in this Complaint.

14.     PLAINTIFF is informed and believes that DEFENDANTS exercised the same control over, applied the same policies and practices, and engaged in the same acts and omissions with regard to the other Class Members.

## CLASS ALLEGATIONS

1    15.   PLAINTIFF brings this action on behalf of PLAINTIFF, and all others similarly

situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF

seeks to represent are defined as follows and referred to as the "Class" or "Class Members":

> All current and former non-exempt employees that worked either
> directly or via a staffing agency for any one or more of the
> DEFENDANTS at any location in California at any time within the
> four years prior to the filing of the initial Complaint ("Class Period").

a.   Numerosity. While the exact number of Class Members is unknown to
PLAINTIFF at this time, the Class is so numerous that the individual joinder of
all members is impractical under the circumstances of this case. PLAINTIFF is
informed and believes the Class consists of at least 100 individuals.

b.   Common Questions of Law and Fact. This lawsuit is suitable for class treatment
because common questions of law and fact predominate over individual issues.
Common questions include, but are not limited to, the following: (1) whether
DEFENDANTS understated hours worked and failed to pay all amounts due to
PLAINTIFF and the Class Members for wages earned, including minimum and
overtime wages, under California law; (2) whether DEFENDANTS provided
PLAINTIFF and the Class Members with all meal periods or premium payments
in lieu thereof in compliance with California law; (3) whether DEFENDANTS
provided PLAINTIFF and the Class Members with all rest periods or premium
payments in lieu thereof, in compliance with California law; (4) whether
DEFENDANTS provided PLAINTIFF and Class Members with accurate,
itemized wage statements in compliance with California law, displaying,
including but not limited to, the total hours worked during the pay period; (5)
whether DEFENDANTS failed to reimburse PLAINTIFF and the Class
Members for all business expenses; and (6) whether DEFENDANTS violated
California Business and Professions Code sections 17200, *et seq.*

6

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

c.  Ascertainable Class.  The proposed Class is ascertainable as members can be identified and located using information in DEFENDANTS' business, payroll and personnel records.

d.  Typicality. PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as members of the Class as a result of DEFENDANTS' common practices regarding, *inter-alia*, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal periods and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, and failure to reimburse business expenses.

e.  Adequacy. PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

f.  Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally,

7

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

**FACTUAL AND LEGAL ALLEGATIONS**

16.    During the relevant period, PLAINTIFF, and each of the Class Members worked for DEFENDANTS in the State of California. At all times referenced herein, DEFENDANTS exercised control over PLAINTIFF and Class Members, and suffered and/or permitted them to work.

17.    PLAINTIFF is a current employee of DEFENDANTS. PLAINTIFF worked for DEFENDANTS as a non-exempt employee with a job title of forklift operator and/or a similar title(s) and/or position(s) from in or around early 2022 through in or around the present.

18.    PLAINTIFF worked for DEFENDANTS at DEFENDANTS' Ontario, California locations(s).

19.    PLAINTIFF regularly worked at least twelve (12) hours per day, at least five (5) days per week. At all relevant times, PLAINTIFF was a non-exempt employee that was paid on an hourly basis for time counted by DEFENDANTS as hours worked. PLAINTIFF was also compensated with shift differential pay and/or non-discretionary bonuses/incentive pay and/or other non-discretionary compensation.

20.    **Unpaid Minimum and Overtime Wages.** DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked, resulting in the underpayment of minimum and overtime wages. DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked by virtue of, DEFENDANTS' automatic deduction and time rounding policies, and failure to relieve employees of all duties/employer control during unpaid meal periods or otherwise unlawful practices for missed or improper meal periods, as explained below.

21.    Based on information and belief, DEFENDANTS implemented a policy and/or practice of rounding meal period start and end times and/or automatically deducting at least thirty minutes per shift for meal periods, despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members were subject to DEFENDANTS' control during purported

1  meal periods and/or were otherwise not afforded lawful meal periods, depriving PLAINTIFF and

2  Class Members of all wages owed.

3      22.    Based on information and belief, Class Members were not paid for all hours worked

4  due to DEFENDANTS' policy and/or practice of paying according to scheduled hours worked

5  instead of actual time worked, and/or mandated off-the clock work policies and/or practices.

6      23.    For example, Class Members were frequently required to stand in line behind other

7  employees to access DEFENDANTS' time-keeping system/terminal and/or were required to spend

8  time reinitiating DEFENDANTS' time-keeping system before they could clock in for the start of

9  their shifts and/or after completing a purported meal period.

10      24.    For example, based on information and belief, PLAINTIFF and other Class Members

11  typically spent at least approximately a couple minutes standing in line and/or initiating/reinitiating

12  DEFENDANTS' time-keeping system each workday before they could access DEFENDANTS'

13  time-keeping system/terminal to clock in for the start of their shifts, which said off-the-clock waiting

14  time and/or time spent accessing DEFENDANTS' timekeeping system was neither recorded nor

15  compensated by DEFENDANTS, resulting in DEFENDANTS' failure to compensate PLAINTIFF

16  for all work time and the underpayment of wages owed to PLAINTIFF, among other violations of

17  the Labor Code described herein.

18      25.    Based on information and belief, DEFENDANTS required Class Members to be at

19  their assigned workstations at the start of a scheduled shift, thereby forcing Class Members to gather

20  work-related equipment and/or safety gear, make any necessary adjustments to tools/equipment

21  and/or perform maintenance/cleaning tasks, don work clothing/uniforms and/or protective

22  equipment, and/or complete other work tasks prior to their scheduled shift and/or prior to clocking

23  in/signing in, thereby resulting in pre-shift off-the-clock work.

24      26.    Based on information and belief, Class Members were required to complete other

25  off-the-clock work tasks after clocking out for the end of their shifts and/or during uncompensated

26  meal periods, resulting in off-the-clock work and the underpayment of minimum and overtime

27  wages owed to Class Members.

28      27.    For example, based on information and belief, DEFENDANTS required Class

1 | Members to clock out for the end of their shifts but to continue working due to the need to
2 | return/maintain tools, continue operating machinery and/or maintain machinery, clean and/or
3 | organize their work stations/areas, provide shift status updates and/or debriefings and/or participate
4 | in work meetings, respond to work-related communications and/or perform other work tasks off-
5 | the-clock, resulting in the underpayment of minimum wages and overtime wages owed to Class
6 | Members.

7 | 28. Based on information and belief, DEFENDANTS did not compensate Class
8 | Members for all time spent donning and doffing personal protective equipment, safety equipment
9 | and/or uniforms/work clothing (e.g., gloves, goggles/safety glasses, hard hats/bump caps/safety
10 | helmets and/or face masks) during meal periods, before the start of a scheduled shift, and after
11 | completing a scheduled shift, resulting in DEFENDANTS' failure to pay Class Members for all
12 | work time and the underpayment of minimum wages and overtime wages owed to Class Members.

13 | 29. Based on information and belief, at times, DEFENDANTS' electronic employee
14 | time-keeping system/app malfunctioned such that Class Members were required to either reinitiate
15 | and/or otherwise troubleshoot the system prior to being able to clock in and/or were unable to clock
16 | in at all for the start of their shifts and/or clock back in from meal periods, resulting in off-the-clock
17 | work and the underpayment of wages owed to Class Members. Based on information and belief,
18 | Class Members experienced the same issues when clocking out for shifts and/or back in for meal
19 | periods. This time spent under DEFENDANTS' control was not recorded and not compensated and
20 | resulted in unpaid minimum wages owed to Class Members.

21 | 30. Based on information and belief, Class Members were required to undergo security
22 | screenings and/or other mandated screenings before and/or after a scheduled shift and/or before or
23 | after clocking in/out for work, resulting in pre-shift and/or post-shift off-the-clock work.

24 | 31. Based on information and belief, DEFENDANTS required Class Members to
25 | undergo COVID-19 temperature screenings and/or complete questionnaires prior to beginning their
26 | scheduled shift and/or prior to clocking/signing in, thereby, resulting in pre-shift off-the-clock work.

27 | 32. Based on information and belief, Class Members were also pressured to complete at
28 | least some additional work tasks off-the-clock in order to meet DEFENDANTS' goals and

1    expectations.

2        33.    For example, based on information and belief, Class Members were required to

3    complete off-the-clock work outside of scheduled shifts due to including but not limited to, work-

4    related phone calls and/or messages they received to their phones and/or mobile devices and were

5    required to respond to, including but not limited to, communications from supervisors regarding

6    scheduling and/or other work tasks, resulting in the underpayment of wages owed to Class Members.

7        34.    Based on information and belief, DEFENDANTS failed to pay Class Members for

8    time they were required to spend completing orientation, policy questionnaires, and/or time spent

9    completing the onboarding process including but not limited to reviewing various documents and

10   policies provided by DEFEDANTS. Based on information and belief, this work time was completed

11   off-the-clock and was not compensated.

12       35.    Based on further information and belief, DEFENDANTS implemented a time-

13   rounding system that as applied systematically deprived PLAINTIFF and other Class Members of

14   compensable time because the time-rounding system implemented by DEFENDANTS would

15   almost always, if not always, result in understating actual compensable work time.

16       36.    DEFENDANTS' failure to pay for all time worked by virtue of its time rounding,

17   auto-deduction policies and practices for unlawful meal periods, failure to provide lawful meal

18   periods, and/or other off-the-clock work practices and policies, resulted in the underpayment of

19   minimum wages owed to PLAINTIFF and Class Members as well as unpaid overtime wages for

20   those Class Members who worked more than eight (8) hours in a day and/or more than forty (40)

21   hours in a week.

22       37.    Based on information and belief, DEFENDANTS had actual and/or constructive

23   knowledge that its time rounding policies/practices, auto-deduction policies and practices, failure to

24   provide lawful meal periods (as described below) and/or other off-the-clock work resulted in the

25   underpayment of minimum wages owed to PLAINTIFF and other Class Members, in violation of

26   California's minimum and overtime wage laws.

27       38.    Based on information and belief, DEFENDANTS failed and continue to fail to pay

28   Class Members two times their regular rate of pay for time worked beyond twelve (12) hours per

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  workday and for time worked beyond eight (8) hours on the seventh consecutive day of work in a

2  work week, in violation of California's overtime laws.

3       39.    Based on information and belief, DEFENDANTS failed to incorporate all non-

4  discretionary remuneration, including but not limited to, shift differential pay, bonus pay, and/or

5  other non-discretionary pay into the regular rate of pay used to calculate the owed overtime rate(s),

6  resulting in the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other

7  Class Members.

8       40.    For example, based on information and belief, PLAINTIFF and other Class Members

9  were compensated shift differential pay, non-discretionary bonuses/incentive pay and/or other non-

10  discretionary compensation, however, DEFENDANTS failed to incorporate all non-discretionary

11  compensation into the regular rate(s) of pay used to calculate the owed overtime rate(s) resulting in

12  the miscalculation and underpayment of overtime wages owed to PLAINTIFF and other Class

13  Members.

14       41.    **Meal Period Violations.** PLAINTIFF and other Class Members consistently worked

15  shifts of at least five and one-half hours or more, entitling them to at least one meal period. However,

16  PLAINTIFF and other Class Members would not receive legally compliant thirty (30) minute first

17  and second meal periods. Based on information and belief, Class Members were consistently unable

18  to take timely, off duty, thirty-minute, uninterrupted meal periods, often being forced to take late

19  meal periods, interrupted meal periods, and/or work through part or all their meal periods due to

20  understaffing, the nature and constraints of their job duties and/or commentary from supervisors

21  pressuring them to take non-compliant meal periods or skip meal periods completely.

22       42.    For example, based on information and belief, Class Members were forced to take

23  late meal periods in order to complete assigned job duties. Based on information and belief, Class

24  Members were at times interrupted during purported meal periods and/or had meal periods cut short

25  and/or restricted to DEFENDANTS' premises due to the need to continue assigned job duties.

26       43.    For example, at times, PLAINTIFF was forced to take an interrupted meal period,

27  cut his meal period short and/or take his meal period late (i.e. after working more than five hours)

28  due to the need to complete assigned job duties.

44.     Based on information and belief, other Class Members were consistently suffered and permitted to take meal periods past the fifth hour of work and/or had their meal periods interrupted, cut short, restricted to DEFENDANTS' premises and/or otherwise on duty due to commentary from supervisors, understaffing, the nature and constraints of their job duties, and/or the need to meet DEFENDANTS' goals and expectations.

45.     Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve Class Members of all duties and DEFENDANTS' control during unpaid meal periods.

46.     Based on information and belief, DEFENDANTS required Class Members to complete off-the-clock work prior to their scheduled shift time which DEFENDANTS failed to take into account when scheduling meal periods for Class Members. Based on information and belief, meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

47.     Based on information and belief, despite DEFENDANTS' failure to provide lawful meal periods, DEFENDANTS implemented a policy and/or practice of rounding the start and end times of PLAINTIFF's and other Class Members' meal periods and/or automatically deducting at least thirty minutes per shift for missed and/or otherwise unlawful meal periods despite having actual and/or constructive knowledge that PLAINTIFF and other Class Members did not receive lawful meal periods.

48.     Moreover, per DEFENDANTS' uniform policy and practice, Class Members who worked shifts of more than ten hours did not receive a second legally compliant thirty (30) minute second meal period.

49.     For example, when PLAINTIFF worked more than ten (10) and/or twelve (12) hours in a shift, PLAINTIFF was not provided with any version of a second meal period.

50.     Based on information and belief, DEFENDANTS failed to instruct PLAINTIFF and other Class Members as to the timing and duty-free nature of meal periods. Based on further information and belief, DEFENDANTS did not have a written meal period policy, nor did DEFENDANTS have any sort of compliant policy in practice.

51.     Moreover, based on information and belief, DEFENDANTS failed to keep accurate

13

1   records of the true start and end times of PLAINTIFF's and Class Members' meal periods. Based

2   on information and belief, to the extent meal period were recorded, DEFENDANTS illegally

3   rounded the start and end times of purported meal periods resulting in PLAINTIFF and other Class

4   Members not being paid for all time worked as well as late and/or shortened meal periods. *See*

5   *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58.

6       52.     Based on information and belief, DEFENDANTS had actual and/or constructive

7   knowledge that its policies and practices resulted in the denial of uninterrupted meal periods which

8   were free of DEFENDANTS' control owed to PLAINTIFF and other Class Members, in violation

9   of California's meal period laws.

10      53.     DEFENDANTS failed to pay PLAINTIFF and other Class Members, an additional

11  hour of wages at their respective regular rates of compensation for each workday a lawful meal

12  period was not provided. DEFENDANTS either failed to pay a meal period premium at all for each

13  workday a lawful meal period was not provided and/or failed to pay the proper meal period premium

14  for failure to incorporate all non-discretionary remuneration, including but not limited to, bonuses,

15  shift differential pay and/or other non-discretionary compensation into the regular rate or

16  compensation for purposes of calculating the owed meal period premium.

17      54.     **Rest Period Violations.** DEFENDANTS did not properly authorize and provide

18  PLAINTIFF and other Class Members with legally compliant rest periods at a rate of every four (4)

19  hours worked or major fraction thereof, that insofar as practicable, are provided in the middle of the

20  work period, as required by law.

21      55.     PLAINTIFF and other Class Members were not adequately informed, authorized,

22  instructed about, nor permitted an opportunity to take proper rest periods per California law. Based

23  on information and belief, DEFENDANTS had no policy in place nor instruction as to the taking of

24  duty-free rest periods.

25      56.     Based on information and belief, DEFENDANTS did not have a have a compliant

26  written rest period policy, nor did DEFENDANTS have any sort of compliant rest period policy in

27  practice.

28      57.     For example, based on information and belief, Class Members were at times unable

1 | to take compliant rest periods due to their need to complete assigned job duties and/or were unable
2 | to take a net ten-minute rest period in a suitable rest area and/or had purported rest periods restricted
3 | to DEFENDANTS' premises.

4 |      58.    Also, DEFENDANTS failed to authorize and permit rest periods that were a "net"
5 | ten minutes in a suitable rest area; instead, to the extent any rest periods were provided,
6 | DEFENDANTS limited PLAINTIFF and other Class Members to rest periods that were less than a
7 | full ten minutes, requiring them to be back at their workstations within ten minutes of leaving, in
8 | violation of California rest period law.

9 |      59.    Based on information and belief, Class Members' rest periods were interrupted, cut
10 | short, on duty, restricted to premises and/or late due to understaffing, the nature and constraints of
11 | their job duties, and/or due to commentary from supervisors/managers pressuring them to skip rest
12 | periods completely or otherwise take non-compliant rest periods.

13 |      60.    Moreover, DEFENDANTS failed to provide any form of a third rest period on shifts
14 | lasting longer than ten hours.

15 |      61.    Based on information and belief, DEFENDANTS implemented policies and/or
16 | practices that failed to relieve PLAINTIFF and other Class Members of all duties and
17 | DEFENDANTS' control during rest periods.

18 |      62.    Based on information and belief, Class Members were pressured to complete their
19 | work duties according to a designated schedule such that rest periods were only taken once tasks
20 | were completed, and/or as time permitted.

21 |      63.    Furthermore, DEFENDANTS failed to pay a rest period premium for each day in
22 | which PLAINTIFF and Class Members experienced a missed/unlawful rest period in violation of
23 | California law. DEFENDANTS either failed to pay a rest period premium at all for each workday a
24 | proper rest period was not provided and/or failed to pay the proper rest period premium for failure
25 | to incorporate all non-discretionary remuneration, including but not limited to, bonuses, shift
26 | differential pay, and/or other non-discretionary compensation into the regular rate of compensation
27 | for purposes of calculating the owed rest period premium.

28 |      64.    **Inaccurate Wage Statements.** During the relevant period, DEFENDANTS failed to

1  provide PLAINTIFF and other Class Members with accurate wage statements that complied with
2  Labor Code section 226. As DEFENDANTS failed to provide PLAINTIFF and Class Members with
3  meal and rest periods that complied with Labor section 226.7, the wage statements DEFENDANTS
4  issued to PLAINTIFF and Class Members failed and continue to fail to correctly set forth the gross
5  wages earned, the total hours worked, the net wages earned, and all applicable hourly rates in effect
6  during the pay period and the corresponding number of hours worked at each hourly rate by the
7  employee.

8       65.    DEFENDANTS issued wage statements to PLAINTIFF and Class Members that also
9  failed to indicate the earned gross and net wages earned during the pay period, the correct applicable
10 rates of pay for all hours worked, and the total hours worked by PLAINTIFF and Class Members
11 (by virtue of rounded time entries, automatic deduction for meal periods/failure to relieve Class
12 Members of all duties and employer control during unpaid meal periods, payment according to
13 scheduled hours worked rather than actual hours worked, and/or other off-the-clock work policies
14 and practices) which results in a violation of Labor Code section 226(a).

15      66.    As described herein, based on information and belief, DEFENDANTS also failed to
16 incorporate all forms of non-discretionary compensation earned during the pay period into the
17 overtime pay rate calculation, and as such, failed to display the proper overtime rate(s) for each hour
18 of overtime worked by PLAINTIFF and other Class Members.

19      67.    Based on information and belief, wage statements issued by DEFENDANTS failed
20 to list the inclusive dates of the pay period for which the Class Member is being paid.

21      68.    For example, based on information and belief, at times, DEFENDANTS issued wage
22 statements to Class Members containing payment for hours worked during previous pay periods,
23 yet DEFENDANTS' wage statements do not include the inclusive dates of the accurate pay period
24 for that retroactive pay, further failing to list the total hours worked for the pay period, including but
25 not limited to, the total hours worked for the pay period the retroactive pay corresponds with, in
26 violation of, including but not limited to, Labor Code section 226(a)(6).

27      69.    Based on information and belief, wage statements issued by DEFENDANTS failed
28 to list all applicable hourly rates in effect during the pay period and the corresponding number of

1  hours worked at each hourly rate by the employee, in violation of including but not limited to, Labor

2  Code section 226(a)(9).

3       70.    For example, based on information and belief, DEFENDANTS issued wage

4  statements to Class Members that do not provide an accurate overtime rate because instead of

5  multiplying the regular rate of pay by one and one-half, the wage statements either fail to provide

6  an accurate overtime rate of pay that incorporates all non-discretionary remuneration and/or the

7  wage statements provide at least two (2) separate overtime rate categories with each provide

8  corresponding rates that are either the same as the base and/or list a rate that is half the base rate of

9  pay and/or otherwise fail to list the accurate overtime rate of pay, further requiring Class Members

10  to perform extensive calculations to determine what their pay rate was for each corresponding hour

11  worked.  See, e.g., *McKenzie v. Fedex*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011).  As such,

12  DEFENDANTS do not list an accurate overtime rate anywhere on wage statements issued to Class

13  Members, in violation of California law, including but not limited to, Labor Code section 226(a)(9).

14       71.    As a result, DEFENDANTS issued wage statements to PLAINTIFF and Class

15  Members that were not accurate and did not include all of the statutorily required information. As

16  such, DEFENDANTS violated Labor Code section 226.

17       72.    **Unreimbursed Business Expenses.** Based on information and belief,

18  DEFENDANTS required PLAINTIFF and Class Members to incur business expenses as a direct

19  consequence of the performance of their job duties without providing reimbursement, in violation

20  of Labor Code section 2802. Based on information and belief, PLAINTIFF and Class Members

21  were improperly required to provide and maintain work tools that are supposed to be the

22  responsibility of the employer.

23       73.    Based on information and belief, DEFENDANTS shifted the costs of doing business

24  onto PLAINTIFF and other Class Members requiring them to pay for business expenses, including

25  but not limited to, uniforms/work clothing/work shoes/personal protective/safety gear and the use

26  of Class Members' personal cell phones/mobile devices, internet and/or data usage for work-related

27  purposes, including but not limited to, to receive and respond to work-related messages and/or phone

28  calls.  For example, based on information and belief, Class Members were required to receive and

1  respond to work-related calls and/or messages from supervisors and/or other Class Members

2  regarding scheduling and/or other work tasks but were not reimbursed by DEFENDANTS at all

3  and/or in full for these business expenses.

4  74.  For example, PLAINTIFF was frequently required to respond to work-related calls

5  and/or messages from including but not limited to, PLAINTIFF's supervisor, including but not

6  limited to, throughout PLAINTIFF's shifts. However, DEFENDANTS did not provide PLAINTIFF

7  with any and/or full reimbursement for DEFENDANTS' business use of PLAINTIFF's personal

8  cell phone / mobile device.

9  75.  Based on information and belief, Class Members were not reimbursed for the cost of

10 purchasing and/or maintaining their own hand tools and/or equipment required to perform their

11 assigned job duties and/or for the costs of purchasing and/or maintaining work

12 uniforms/clothing/shoes and/or protective gear (e.g., gloves and/or face masks).

13 76.  For example, PLAINTIFF had to purchase work boots/shoes with steel toes and non-

14 slip soles that DEFENDANTS required PLAINTIFF wear for work, however, DEFENDANTS did

15 not provide PLAINTIFF with any and/or full reimbursement for these business expenses.

16 77.  Based on information and belief, at times, Class Members were not reimbursed for

17 the business use of their personal vehicles, including mileage, wear and tear and/or cost of fuel when

18 they were required to drive around and/or between job sites, and/or otherwise use their personal

19 vehicles in carrying out the duties assigned by DEFENDANTS. As such, DEFENDANTS failed to

20 compensate Class Members at the legally mandated Internal Revenue Service (IRS) per mile

21 compensation rates in effect during the relevant period.

22 78.  As explained above, based on information and belief, Class Members were not

23 reimbursed for the cost of using their personal phone for work-related purposes and/or the cost of

24 purchasing and/or maintaining work uniforms/work clothing/work shoes, personal protective/safety

25 gear.

26 79.  Based on information and belief, DEFENDANTS regularly failed to reimburse and

27 indemnify Class Members for business expenses. Pursuant to California Labor Code section 2802,

28 PLAINTIFF and Class Members were entitled to be reimbursed for all reasonable expenses

18

1  associated with carrying out DEFENDANTS' orders and/or carrying out the duties assigned by

2  DEFENDANTS.

3      80.    DEFENDANTS' failure to provide Class Members with full reimbursement for all

4  reasonable expenses associated with carrying out their duties required that Class Members

5  subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

6      81.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANTS

7  engaged in these same herein described unlawful practices and that DEFENDANTS applied these

8  same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

**FIRST CAUSE OF ACTION**
**Recovery of Unpaid Minimum Wages and Liquidated Damages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

11     82.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

12     83.    It is fundamental that an employer must pay its employees for all time worked.

13  California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages.

14  Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 224 only

15  permits deductions from wages when the employer is required or empowered to do so by state or

16  federal law or when the deduction is expressly authorized in writing by the employee for specified

17  purposes that do not have the effect of reducing the agreed upon wage. Labor Code section 223

18  prohibits the pay of less than a statutory or contractual wage scale.

19     84.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage

20  Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up

21  to 40 hours per week or 8 hours per day, at a regular rate no less than the mandated minimum wage.

22  Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll

23  period is unlawful.

24     85.    DEFENDANTS violated California's minimum wage laws by failing to compensate

25  PLAINTIFF and the Class Members for all hours worked by virtue of, among other things,

26  DEFENDANTS' time rounding, automatic deduction for meal periods, off-the-clock/unpaid work

27  completed during meal periods, other pre-shift, post-shift and/or otherwise off-the-clock work,

28  and/or payment according to scheduled hours worked rather than actual hours worked (described

19
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  above), which resulted in the failure to account for all hours worked and thus the denial of minimum

2  wages.

3     86.    DEFENDANTS had and continue to have a policy of failing to pay PLAINTIFF and

4  Class Members for all hours worked.

5     87.    Based on information and belief, DEFENDANTS had actual or constructive

6  knowledge that its time-rounding policies and practices, auto-deduction policies and practices for

7  meal periods, failure to relieve employees of all duties and employer control during unpaid meal

8  periods, policy and practice of payment according to scheduled work time rather than actual work

9  time, and/or other mandated off-the-clock work resulted in the underpayment of minimum wages

10  owed to PLAINTIFF and other Class Members.

11     88.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class

12  Members are entitled to recover all unpaid minimum wages and liquidated damages thereon, plus

13  attorney's fees and costs, in an amount to be proved at trial.

**SECOND CAUSE OF ACTION**
**Recovery of Unpaid Overtime Wages**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

16     89.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

17     90.    Employees in California must be paid overtime, equal to one and one-half times the

18  employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including

19  12 hours in any workday, and for the first eight (8) hours worked on the seventh consecutive day of

20  work in a workweek, and they must be paid double the regular rate of pay for all hours worked in

21  excess of 12 hours in any workday and for all hours worked in excess of eight (8) on the seventh

22  consecutive day of work in a workweek, unless they are exempt.

23     91.    PLAINTIFF and the Class Members worked overtime hours for which they were not

24  compensated by DEFENDANTS by virtue of, among other things, DEFENDANTS' time rounding,

25  automatic deduction for meal periods, off-the-clock/unpaid work completed during meal periods,

26  other pre-shift, post-shift and/or otherwise off-the-clock work, and/or payment according to

27  scheduled hours worked rather than actual hours worked (described above), and/or other unlawful

28  policies and/or practices described above which resulted in unpaid minimum and overtime wages

1 | which resulted in the failure to account for all hours worked and thus the denial of all owed overtime

2 | wages.

3 |      92.    Based on information and belief, DEFENDANTS failed to pay twice Class

4 | Members' regular rate(s) of pay for time worked beyond twelve (12) hours per workday and for

5 | time worked beyond eight (8) hours on the seventh consecutive day of work in a work week, in

6 | violation of California's overtime laws.

7 |      93.    Based on information and belief, DEFENDANTS further violated California's

8 | overtime wage laws by failing to incorporate all non-discretionary compensation, including but not

9 | limited to, non-discretionary bonus compensation, shift differentials, and/or other non-discretionary

10 | compensation into the regular rate of pay used to calculate the overtime rate of pay. Failing to

11 | include non-discretionary compensation into the regular rate of pay resulted in a miscalculation of

12 | the overtime wage rate, resulting in the underpayment of overtime wages owed to PLAINTIFF and

13 | other Class Members.

14 |      94.    DEFENDANTS' conduct described above is in violation of California Labor Code

15 | sections 510 and 1194 and all applicable Wage Orders.

16 |      95.    PLAINTIFF and the Class Members are entitled to recover all unpaid overtime

17 | wages, plus attorney's fees and costs, in an amount to be proved.

18 | **THIRD CAUSE OF ACTION**

**Failure to Provide Meal Periods or Compensation in Lieu Thereof**

19 | **(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

20 |      96.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

21 |      97.    Pursuant to Labor Code section 512 and all applicable IWC Wage Orders,

22 | DEFENDANTS were required to provide PLAINTIFF and the Class Members with one 30-minute

23 | meal break free from all duties and employer control for all shifts longer than 5 hours, and a second

24 | 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be

25 | waived, but only under the following circumstances: (1) if an employee's total work period in a day

26 | is over five (5) hours but no more than six (6) hours, the required meal period may be waived by

27 | mutual consent of the employer and employee, and (2) if an employee's total work period in a day

28 | is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be

1    waived by mutual consent of the employer and employee, but only if the first meal period was not

2    waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their

3    employees for at least one meal period for shifts over five hours (see above), and (2) to record having

4    done so.

5        98.    Employers must pay employees an additional hour of wages at the employees'

6    regular rate of pay for each missed or unlawful meal period (e.g., less than 30 minutes, interrupted

7    meal period, first meal period provided after five (5) hours, second meal period provided after 10

8    hours). Lab. Code § 226.7.

9        99.    As explained above, PLAINTIFF and other Class Members were consistently unable

10   to take timely, off duty, thirty-minute, uninterrupted first and second meal periods, often being

11   forced to take late meal periods, interrupted meal periods, and/or work through part or all of their

12   meal periods due to understaffing, the nature and constraints of their job duties, and/or commentary

13   from supervisors pressuring them to take non-compliant meal periods or skip meal periods

14   completely.

15       100.   Based on information and belief, DEFENDANTS had and continue to have a policy

16   of rounding the start and end times of employees' meal periods and/or automatically deducting thirty

17   minutes per shift despite having actual and/or constructive knowledge that PLAINTIFF and Class

18   Members did not receive compliant meal periods.

19       101.   Moreover, based on information and belief, Class Members did not receive a timely,

20   uninterrupted second meal period when working shifts over ten (10) hours in a workday.

21       102.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS had

22   actual and/or constructive knowledge that its time-rounding and auto-deduction policies and

23   practices, other unlawful policies and practices resulted in the denial of compliant meal periods in

24   violation of California's meal period laws.

25       103.   DEFENDANTS also failed to pay premiums for missed/otherwise unlawful meal

26   periods in violation of California law and/or failed to pay the proper meal period premium for failure

27   to incorporate all non-discretionary remuneration including but not limited to, bonuses, shift

28   differential pay and/or other non-discretionary compensation into the regular rate or compensation

1  for purposes of calculating the owed meal period premium.

2      104.   As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members

3  are entitled to one additional hour's pay at the employee's regular rate of compensation for each day

4  a meal period was missed, late, interrupted, or otherwise unlawful, plus attorneys' fees and costs,

5  all in an amount to be proved at trial.

6

7  **FOURTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

8

9      105.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

10      106.   Labor Code section 226.7 and all applicable IWC Wage Orders require an employer

11  to authorize or permit an employee to take a rest period of ten (10) net minutes for every four hours

12  worked or major fraction thereof. Such rest periods must be in the middle of the four-hour period

13  "insofar as practicable." In *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012), the

14  California Supreme Court held that employees are entitled to a 10-minute paid rest period for shifts

15  from 3 ½ to 6 hours in a length, two 10-minute rest periods for shifts more than 6 hours up to 10

16  hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours. (*Id.* at 1029).

17  The rest period requirement obligates employers to permit and authorize employees to take off-duty

18  rest periods, meaning employers must relieve employees of all duties and relinquish control over

19  how employees spend their time. *Augustus v. ABM Security Services, Inc.,* (2016) 5 Cal.5th 257.

20      107.   If the employer fails to provide any required rest period, the employer must pay the

21  employee one hour of pay at the employee's regular rate of compensation for each workday the

22  employer did not provide at least one legally required rest period, pursuant to Labor Code section

23  226.7.

24      108.   Moreover, under California law rest periods must be a "net" ten minutes in a suitable

25  rest area. *Id.* at 268 (relying on January 3, 1986 and February 22, 2002 Division of Labor Standards

26  Enforcement (DLSE) Letters wherein the DLSE ruled that the net ten-minute language for rest

27  periods means ten minutes of time in a rest area and cannot include time it takes to get to and from

28  the rest area).   The employer must show that it clearly articulates the right to a net ten minutes,

23
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

which means it must clearly communicate what "net" ten minutes means (i.e., regardless of what happens along the way to and from a rest area, employees are entitled to a full ten minutes of rest in the rest area). *Id.*; *see also, Bufil v. Dollar Fin. Grp., Inc.,* (2008) 162 Cal. App. 4th 1193, 1199 (the "onus is on the employer to clearly communicate the authorization and permission [to take rest periods] to its employees.").

109.    PLAINTIFF and the Class Members did not receive legally compliant, timely 10-minute rest periods for every four (4) hours worked or major fraction thereof. As explained above, any purported rest periods were late, interrupted, cut short, on duty, and/or otherwise subject to DEFENDANTS' control due to the nature and constraints of Class Members' job duties, understaffing, and/or commentary from supervisors pressuring PLAINTIFF and Class Members to skip rest periods completely or otherwise take non-compliant rest periods.

110.    Based on information and belief, DEFENDANTS implemented policies and/or practices that failed to relieve PLAINTIFF and other Class Members of all duties and employer control during rest periods. Based on further information and belief, Class Members were pressured to complete their work duties according to a designated schedule such that rest periods were only taken once tasks were completed, and/or as time permitted.

111.    As a result, PLAINTIFF and Class Members did not receive legally compliant first, second, or third rest periods as required by California law.

112.    Moreover, based on information and belief, DEFENDANTS failed to pay a rest period premium to PLAINTIFF and other Class Members for each workday in which there was a missed or otherwise unlawful rest period. Based on further information and belief, when a rest premium was paid, DEFENDANTS failed to include non-discretionary compensation including but not limited to, bonuses, shift differential pay, and/or other non-discretionary compensation into the regular rate of compensation for purposes of determining the owed rest period premium.

113.    DEFENDANTS are therefore liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that a required rest period was not provided, pursuant to California Labor Code section 226.7 and the applicable Wage Order, plus pre-judgment interest, plus attorneys' fees and costs, all in an amount to be proved at

trial.

## FIFTH CAUSE OF ACTION
### Failure to Furnish Accurate Itemized Wage Statements
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

114.   PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

115.   Pursuant to California Labor Code § 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of  his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

116.   As DEFENDANTS failed to provide PLAINTIFF and other Class Members with meal and rest periods that complied with Labor Code section 226.7, the wage statements DEFENDANTS issued to PLAINTIFF and other Class Members failed and continue to fail to correctly set forth (a) the gross wages earned, in violation of Labor Code section 226(a)(1); (b) the total hours worked by the employee in violation of Labor Code section 226(a)(2); (c) the net wages earned, in violation of Labor Code section 226(a)(5); and (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

117.   Moreover, due to violations detailed above, including but not limited to, DEFENDANTS' failure to pay regular and overtime wages for all hours worked, failure to provide meal and rest break premiums, and failure to pay all sick leave wages at the proper rates, DEFENDANTS have violated California Labor Code § 226 by willfully failing to furnish

1   PLAINTIFF and other Class Members with accurate, itemized wage statements that listed the gross
2   and net wages earned and the correct applicable rates of pay for all hours worked. Based on
3   information and belief, DEFENDANTS failed to incorporate all forms of non-discretionary
4   compensation earned during the pay period into the regular rate of pay for purposes of calculating
5   the owed overtime rate, and as such, failed to display the proper overtime rate(s) for each hour of
6   overtime worked by PLAINTIFF and other Class Members.

7       118.   As explained above, wage statements issued by DEFENDANTS failed to list the
8   "total hours worked" by PLAINTIFF and Class Members (by virtue of rounded time entries,
9   automatic deduction for meal periods/failure to relieve Class Members of all duties and employer
10  control during unpaid meal periods, payment according to scheduled hours worked rather than actual
11  hours worked, and/or other off-the-clock work policies and practices all described in greater detail
12  *supra*), which results in a violation of Labor Code section 226(a). Failure to list all hours worked on
13  a wage statement, gives rise to an inference of injury under Labor Code Section 226 (*Maldonado v.*
14  *Epsilon Plastics, Inc.*, (2018) 22 Cal.App.5th 1308, 1337).

15      119.   Separately, and independent from the above allegations, DEFENDANTS issued
16  wage statements to PLAINTIFF and Class Members that violate Labor Code section 226(a)(8), by
17  failing to list the correct name and/or address of the legal entity that is the employer.

18      120.   Based on information and belief, wage statements issued by DEFENDANTS failed
19  to list the inclusive dates of the pay period for which the Class Member is being paid.

20      121.   DEFENDANTS' failure to accurately list all hours worked on all wage statements
21  caused confusion to PLAINTIFF and caused and continues to cause confusion to other Class
22  Members over whether they received all wages owed to them.

23      122.   As a result, PLAINTIFF and other Class Members have suffered injury as they could
24  not easily determine whether they received all wages owed to them and whether they were paid for
25  all hours worked.

26      123.   Based on information and belief, wage statements issued by DEFENDANTS failed
27  to list all applicable hourly rates in effect during the pay period and the corresponding number of
28  hours worked at each hourly rate by the employee, in violation of Labor Code section 226(a)(9).

124.    DEFENDANTS' knowingly and intentionally failed to provide PLAINTIFF and Class Members with accurate, itemized wage statements.

125.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANTS' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANTS' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and Class Members are required to participate in this lawsuit and create more difficulty and expense from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

126.    Pursuant to California Labor Code section 226(e), PLAINTIFF and Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

127.    Pursuant to California Labor Code § 226(h), PLAINTIFF and Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with California Labor Code § 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed Class Members with inaccurate wage statements in violation of California Labor Code § 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS' compliance with California Labor Code § 226(a).

128.    Pursuant to California Labor Code §§ 226(e) and 226(h), PLAINTIFF and Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

27

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## SIXTH CAUSE OF ACTION
### Failure to Reimburse Business Expenses
### (By PLAINTIFF and the Class Members Against all DEFENDANTS)

129.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

130.    California law requires employers to indemnify their employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of their duties or of their obedience to the directions of the employer. *See* Cal. Lab. Code s. 2802 and all applicable Wage Orders section 9(b). Furthermore, "for purposes of [section 2802], the term 'necessary expenditure or losses' shall include all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

131.    Among other things, under California law, when employees must use their personal cellphones for work-related purposes, the employer must reimburse them for a reasonable percentage of their cell phone bills. See *Cochran v. Schwan's Home Services*, Inc. (2014) 228 Cal.App.4th 1137, 1140. To show liability, an employee will only need to show that he or she was required to use their personal cellphone for work-related purposes and not reimbursed for the use. Id. 1144-1145. California law also requires employers to reimburse employees for automobile expenses incurred for the business use of personal vehicles, such as for mileage, gas, and the wear and tear on the vehicle. *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554.

132.    As described above, PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer.

133.    DEFENDANTS' failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

134.    As a result of DEFENDANTS' unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

135.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

attorneys' fees, and costs of suit.

**SEVENTH CAUSE OF ACTION**
**Unfair Competition**
**(By PLAINTIFF and the Class Members Against all DEFENDANTS)**

136.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

137.    DEFENDANTS' unlawful conduct alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200 *et seq.* This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices; DEFENDANTS' failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANTS' failure to reimburse business expenses; and DEFENDANTS' failure to provide paid sick leave (or paid time off in lieu thereof) at the properly accrued rates (due to, including but not limited to, DEFENDANTS' failure to incorporate all non-discretionary compensation into the sick pay calculation and failure to base the accrued sick leave on the correct number of hours worked as a result of DEFENDANTS' time-rounding/auto deduction policies and practices, payment according to scheduled hours worked and/or other off-the-clock work policies and practices).

138.    Due to DEFENDANTS' unfair and unlawful business practices in violation of the California Labor Code, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to authorize or permit rest periods and meal periods or pay proper meal and rest period premiums in lieu thereof, to properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum and overtime wages.

139.    As a result of DEFENDANTS' unfair competition as alleged herein, PLAINTIFF and Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, *et seq.*, PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully

29
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   belonging to them that DEFENDANTS failed to pay and wrongfully retained by means of their

2   unlawful and unfair business practices.

3       140.   PLAINTIFF also seeks an injunction against DEFENDANTS on behalf of the Class

4   Members, enjoining DEFENDANTS and any and all persons acting in concert with them from

5   engaging in each of the unlawful practices and policies set forth herein.

6   ///

7   ///

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and Class Members as follows:

1. For an order that the action be certified as a class action;

2. For an order that PLAINTIFF be appointed as class representative;

3. For an order that counsel for PLAINTIFF be appointed as class counsel;

4. For compensatory damages according to proof;

5. For liquidated damages according to proof;

6. For penalties according to proof;

7. For an order requiring DEFENDANTS to make restitution of all amounts wrongfully withheld from PLAINTIFF and the Class Members;

8. For an order finding DEFENDANTS have engaged in unfair competition in violation of section 17200, *et seq.*, of the California Business and Professions Code;

9. For an order enjoining DEFENDANTS from further acts of unfair competition;

10. For pre-judgment interest as permitted by law;

11. For attorney's fees and costs reasonably incurred; and

12. For such other and further relief that the Court deems just and proper.

Dated: August 18, 2023                                     **CROSNER LEGAL, PC**

By: _____

Zachary M. Crosner, Esq.
Jamie Serb, Esq.
Brandon Brouillette, Esq.
Attorneys for Plaintiff,
CHRISTOPHER WILLIAMS

31
PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   **DEMAND FOR JURY TRIAL**

2   PLAINTIFF demands a trial by jury on all claims so triable.

3

4   Dated: August 18, 2023                    **CROSNER LEGAL, PC**

5

6                                    By: _____

7                                         Zachary M. Crosner, Esq.
                                         Jamie Serb, Esq.
8                                         Brandon Brouillette, Esq.
                                         Attorneys for Plaintiff,
9                                         CHRISTOPHER WILLIAMS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Exhibit 1, p. 35